## COX v. FINCHER et al.

No. 15917—Opinion Filed Sept. 22, 1925.

### Bills and Notes—Duebill by One Debtor as Extinguishing Joint Debt.

Where two parties are jointly indebted on an account to F., and a written instrument, designated as a "duebill", is executed by only one of the debtors, and the same is accepted by F. in satisfaction of the account, held, that the indebtedness on account is extinguished by the "duebill", and an action on the "duebill" can be maintained only against the debtor executing the same.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; W. M. Pugh, Judge.

Action by W. C. Fincher against J. D. Cox and Mrs. J. D. Cox. Judgment for plaintiff, and Mrs. J. D. Cox brings error. Reversed and remanded, with directions.

H. W. Sitton and C. M. Anderson, for plaintiff in error.

J. L. C. Guest and E. H. Bond, for defendants in error.

Opinion by JARMAN, C. This action was commenced by W. C. Fincher against Mr. and Mrs. J. D. Cox to recover the sum of $204, balance alleged to be due for work performed in connection with the construction of certain buildings, resulting in a judgment in favor of the plaintiff against both of the defendants, and Mrs. Cox has appealed.

The petition of the plaintiff alleges that J. D. Cox, for himself and as the agent of his wife, Mrs. J. D. Cox, entered into an agreement with the plaintiff to do certain work in the construction of four buildings in the city of Duncan; that at the completion of the work, the defendants Mr. and Mrs. J. D. Cox were to pay the plaintiff for his work; that said agreement was an oral one; that upon the completion of said work, J. D. Cox, acting for himself and as the agent of his wife, executed a duebill to the plaintiff for the amount due for such work, said duebill being as follows:

"Nov. 1, 1922.
"Due W. C. Fincher, three hundred eighty-four and 40/100 dollars. $384.40"

And that thereafter certain payments were made on said duebill, leaving the balance of $204 due thereon. To this petition, the defendant Mrs. Cox filed an answer denying liability on the duebill, and denied agency on the part of her husband, J. D. Cox, to represent her in the alleged transaction. At the conclusion of the plaintiff's evidence, the defendant Mrs. Cox interposed a demurrer thereto and requested the court to instruct the jury to return a verdict in her favor, which demurrer was overruled and the motion denied, and said defendant duly excepted.

The plaintiff testified that upon the completion of the buildings a settlement was had on the account for the labor performed, and that the duebill in question was executed in settlement of said account. The written instrument, acknowledging the indebtedness, designated by the parties as a duebill, was not signed by Mrs. Cox. It was signed by J. D. Cox only, and accepted by the plaintiff in this form. The evidence of the plaintiff shows that certain payments were made on the amount due, and the same were credited by the plaintiff by indorsement upon the duebill. The plaintiff gave the following testimony showing that he made no claim upon any prior obligation, such as an account, but based his claim solely upon the duebill:

"Q. You claim nothing on open account —that is all merged into this bill? A. No. sir; just the due bill."

And again:

"Q. I believe your testimony is you are not seeking to recover on account? A. Just the duebill; yes, sir."

It is evident, therefore, from the testimony of the plaintiff himself, that if the defendant Mrs. Cox was ever indebted to the plaintiff on an account, by reason of any contract made and entered into by her husband, acting as her agent, said account was merged into the written instrument acknowledging the indebtedness, termed the duebill, and that it was the intention of the parties that J. D. Cox alone should be held answerable for the amount of said indebtedness, for the plaintiff testified that he claimed nothing on open account, but rested his claim solely and alone upon the duebill. Since the duebill shows that no one is liable thereon except J. D. Cox, the trial court erred in not sustaining the demurrer of the defendant Mrs. Cox to the evidence of the plaintiff, and instructing a verdict in her favor.

The judgment of the trial court is, therefore, reversed, and the cause remanded, with directions to render judgment in favor of the defendant Mrs. J. D. Cox.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 849, § 1109; 30 Cyc. p. 1202.